**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mack Charles WILLIAMS,**
**Defendant–Appellant.**

No. 08–17252
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 8, 2009.

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Mack Charles Williams appeals the district court's denial of his motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Williams's § 3582(c)(2) motion was based on Amendment 706 to the United States Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine.

Williams argues that the district court erred as a matter of law in denying his motion for a reduced sentence because he was sentenced as a career offender. Williams concedes that the issue he raises on appeal is controlled by our decision in *United States v. Moore,* 541 F.3d 1323, 1327 (11th Cir.2008), *cert. denied, McFadden v. United States,* — U.S. ——, 129 S.Ct. 965, 173 L.Ed.2d 156 (2009), *and cert. denied,* — U.S. ——, 129 S.Ct. 1601, 173 L.Ed.2d 689 (2009), but he argues that *Moore* was wrongly decided as the sentencing guidelines are fully advisory, even in § 3582 proceedings.

The district court did not err in denying Williams's § 3582(c)(2) motion because he was sentenced as a career offender. *Moore,* 541 F.3d at 1330 (holding that a district court lacks authority under

§ 3582(c)(2) to reduce a defendant's sentence when the defendant was sentenced under U.S.S.G. § 4B1.1 as a career offender). Additionally, Williams's argument that the sentencing guidelines are fully advisory, even in § 3582 proceedings, is also foreclosed by precedent. *See United States v. Melvin,* 556 F.3d 1190, 1192–93 (11th Cir.2009) (holding that *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), *petition for cert. filed,* (U.S. Feb. 10, 2009) (No. 08–8664). Accordingly, we affirm.

**AFFIRMED.**